ELLEN M. BARRY (No. 141286)
530 S. Hewitt Street
Suite 555
Los Angeles, CA 90013
Office (213)621-1662
Facsimile (213)621-1644
ellen@ellenbarrylaw.com

Attorney for Defendant
JOSUE MARTINEZ-CORDERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSUE MARTINEZ-CORDERO,<br><br>　　　　Defendant. | NO. CR 09-466-R-15<br><br>REPLY TO GOVERNMENT OPPOSITION TO JOSUE MARTINEZ'S MOTION TO SUPPRESS STATEMENTS; DECLARATION OF JOSUE MARTINEZ; EXHIBIT |

　　Defendant, Josue Martinez, herewith files his response to the government's opposition to his Motion to Suppress Statements. The government seeks a ruling without a hearing on this matter, arguing that defendant failed to follow a local rule requiring him to submit a declaration with his Motion. Appended to this Reply is his Declaration regarding the events surrounding his interrogation. Mr. Martinez renews his request for a hearing on this issue.

　　The government has responded to Mr. Martinez's Motion to Suppress Statements by completely ignoring the central issue he raised in that motion: that government agents deliberately elicited incriminating statements without having warned him of his

Constitutional right to remain silent, and intended to use those initially incriminating statements to elicit further, even more incriminating admissions.

With its Opposition, the government filed a Declaration of Frank Flores, which enumerated specific times at which specific actions had occurred. Until this Declaration was filed, Mr. Martinez was not aware that the government had in its possession the report (written on the date of his arrest) that formed the basis of the Declaration, and had never received the reports detailing this sequence of events. That report is appended to this Reply as Exhibit A. He has renewed his requests for the handwritten reports of the interrogators, and for any recordings which may have been made at the time of the interrogation.

After receiving and reviewing the report regarding his arrest, counsel discovered additional information which further supports the arguments raised in the initial filing. The report discloses that an agent was aboard the same flight that Mr. Martinez took, and was apparently covertly surveilling him throughout that flight. The report also discloses that he was taken into custody while still on the aircraft. See Exhibit A, Bates 21848-9. Remarkably, Det. Flores' Declaration omits these important details.

This information only further support's Mr. Martinez's contention that agents were required to inform him of his Constitutional rights from the moment they embarked upon the interrogation. The agents involved in the arrest included Det. Flores, who testified before the grand jury which brought this RICO action. He certainly knew that the allegations contained in

Count One of the indictment would require the government to prove that Mr. Martinez was a member of Mara Salvatrucha during the relevant period.  He surely knew that interrogating Mr. Martinez about his gang affiliation, without advising him of his right to remain silent, would likely elicit one of the foundational facts necessary to prove the allegations. The government's Opposition fails to address or distinguish the 9th Circuit's admonition that Miranda warnings are required if incriminating information is going to be elicited in response to supposedly "biographic information" questions.  *See, eg. United States v. Henley*, 984 F.2d 1040, 1041, 1043(9th Cir. 1993).  Unlike the fact situation in the *Washington* case relied upon by the government, this is not a bank robbery case, where the fact of gang affiliation has no relationship to the elements of the offense charged. *See* Gov't Opposition at 5-6.  The government attempts to duck its responsibility to warn Mr. Martinez of his right to remain silent by claiming that information about his gang affiliation was elicited solely to properly advise the MDC, and was "routine booking information." Gov't Opp. at 6.  If that is the case, then the government ought to take the next step, and promise not to use those admissions against him at trial.

Further, interrogating officers, who are experienced in eliciting incriminating admissions, surely knew that, once a suspect who begins talking without having been warned of the consequences is highly likely to continue making incriminating admissions. This is exactly what happened here, and it is what the *Siebert* court disapproved of.  Getting a subject to start talking without reminding him that he doesn't have to lulls him into

3

1. thinking that what he says won't get used against him.  Belatedly
2. advising him of his right to remain silent should not innoculate
3. the illicitly-gained admissions obtained before the admonition.
4. That's what the government wants this court to permit.
5.     The reasons why this court should require the government to
6. call witnesses to testify at a hearing has already been argued in
7. Mr. Martinez's initial motion.  *See* Defendant's Motion to Suppress
8. at 6.  The court should determine, evaluating all the
9. circumstances, whether the government's agents were trying to game
10. the system, by getting Mr. Martinez talking before they warned him
11. of the consequences.  Especially in this case, where it is
12. manifestly clear that the government has played fast and loose
13. with the rules, (*see*, eg., Alex Sanchez's Motion to Dismiss,
14. Docket 1188), and where the government's star witness has been all
15. but abandoned and his work essentially repudiated by the
16. government (*see*, eg., Government's Request to Dismiss Case, Docket
17. 1253), there is no reason to rely on unexamined Declarations and
18. belatedly-released reports of interviews when Constitutional
19. issues are at stake.
20. December 18, 2012                     Respectfully Submitted,
21.
22.                                         *Ellen M. Barry*
                                        Ellen M. Barry
23.                                         Attorney for Defendant
                                        JOSUE MARTINEZ-CORDERO
24.
25.
26.
27.
28.